# EXHIBIT A

## IN THE CIRCUIT COURT OF THE 19TH JUDICIAL DISTRICT
## LAKE COUNTY, ILLINOIS

PHYSICIANS HEALTHSOURCE, INC., an Ohio
corporation, individually and as the representative of
a class of similarly-situated persons,

               Plaintiff,

        v.

A-S MEDICATION SOLUTIONS LLC, JAMES
BARTA, WALTER HOFF and JOHN DOES 1-10,

               Defendants.

Case No. 12 CH 2 5 3 9

### CLASS ACTION COMPLAINT

Plaintiff, PHYSICIANS HEALTHSOURCE, INC. ("Plaintiff"), brings this action on

behalf of itself and all other persons similarly situated, through its attorneys, and except as to

those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon

personal knowledge, alleges the following upon information and belief against Defendants, A-S

MEDICATION SOLUTIONS LLC, JAMES BARTA, WALTER HOFF and JOHN DOES 1-10

(collectively "Defendants"):

### PRELIMINARY STATEMENT

1.     This case challenges Defendants' practice of sending unsolicited facsimiles.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and the consumer protection statutes forbidding and compensating unfair business practices.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

7. Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortuous acts complained of occurred in Lake County.

8. Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9. Plaintiff is an Ohio corporation.

10. On information and belief, Defendant, A-S MEDICATION SOLUTIONS LLC, is an Illinois limited liability company with its principal place of business in Libertyville, Lake County, Illinois.

11. On information and belief, Defendants, JAMES BARTA and WALTER HOFF, are managers, members and control persons of A-S MEDICATION SOLUTIONS LLC.

2

12.     On information and belief, BARTA and HOFF approved, authorized and participated in the scheme to broadcast by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the facsimiles; (c) creating and approving the form of facsimile to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the facsimiles.

13.     John Does 1-10 will be identified through discovery, but are not presently known.

## FACTS

14.     On or about February 18, 2010, Defendants sent an unsolicited facsimile to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

15.     Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

16.     Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

17.     Plaintiff had not invited or given permission to Defendants to send the facsimile.

18.     On information and belief, Defendants sent the same and similar facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

19.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

3

20. Defendants' advertisements did not display a proper opt out notice as required by 64 C.F.R. 1200.

## COUNT I
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

21. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

22. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four (4) years prior to the filing of this complaint, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

23. A class action is warranted because:

(a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendants sent unsolicited fax advertisements;

(ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

4

        (iv)     Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

        (v)     Whether Defendants violated the provisions of 47 USC § 227;

        (vi)     Whether Plaintiff and the other class members are entitled to statutory damages;

        (vii)     Whether Defendants should be enjoined from faxing advertisements in the future;

        (viii)     Whether the Court should award trebled damages; and

        (ix)     Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

24.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

25.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

26.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

27.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

28.     The TCPA provides:

> 3.     <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C)     Both such actions.

29.     The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

30.     Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

31.     The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

32.     Defendants knew or should have known that: Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A and the other advertisements Defendants sent were advertisements, and that Exhibit A and the other advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

33.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

34.     Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, PHYSICIANS HEALTHSOURCE, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, A-S MEDICATION SOLUTIONS LLC, JAMES BARTA, WALTER HOFF and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.      That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

35.     Plaintiff incorporates paragraphs 1, 3, and 6 through 19 as though fully set forth herein.

36.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after five (5) years prior to the filing of this complaint were sent telephone facsimile messages by or on behalf of Defendants.

37.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited faxes;

(ii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

(iii)   Whether Defendants committed the tort of conversion.

38.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims

8

involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

39.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

40.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

41.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

42.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

43.     Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

44.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

45.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and

9

reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

46.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, PHYSICIANS HEALTHSOURCE, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, A-S MEDICATION SOLUTIONS LLC, JAMES BARTA, WALTER HOFF and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

47.     Plaintiff incorporates paragraphs 1, 3, and 6 through 19 as though fully set forth herein.

48.     In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants unfair practice of sending unsolicited and unlawful faxes:

> All persons who on or after three (3) years prior to the date of filing of this complaint, were sent telephone facsimile messages by or on behalf of Defendants.

49.     A class action is proper in that:

(a)     On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

(iii)   Whether Defendants' practice of sending unsolicited faxes violates Illinois public policy;

(iv)    Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act;

(v)     Whether Defendants should be enjoined from sending unsolicited faxes in the future.

50. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

51. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

52. Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' faxing campaign.

53. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

54. Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

55. Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time,

12

as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, PHYSICIANS HEALTHSOURCE, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, A-S MEDICATION SOLUTIONS LLC, JAMES BARTA, WALTER HOFF and JOHN DOES 1-10, jointly and severally, as follows:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.  That the Court award damages to Plaintiff and the other class members;

C.  That the Court award attorney fees and costs;

D.  That the Court enter an injunction prohibiting Defendants Memmos and Maroulis from sending unsolicited faxes to Illinois consumers; and

E.  Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

> PHYSICIANS HEALTHSOURCE, INC.,
> individually and as the representative of a class of similarly-situated persons
>
> By: _Brian J. Wanca_
> One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
ARDC #3126474

**EXHIBIT A**

# A-S MEDICATION SOLUTIONS LLC

## Quality Service Guaranteed

### The Trusted Leader

A-S Medication Solutions LLC, formerly Allscripts Medication Services Group, is the pioneer in medication dispensing solutions with over 20 years of expertise serving more than 17,000 physicians nationwide. A-S Medication Solutions LLC offers the fastest, easiest to use and most reliable point-of-care dispensing solution in health care today!

Our new service not only continues to provide your practice with the highest quality, state-of-the-art dispensing solution, but we now also provide you with the most comprehensive web-based dispensing and 3rd party payer management system in the industry, PedigreeRx Easy Scripts. A-S Medication Solutions LLC, along with it's affiliates, which have over 40 years of experience in pharmacy operations and prescription claims processing, helps provide your patients with the added convenience, confidentiality and safety they deserve so they can start medication therapy immediately and feel better faster.

### The A-S Medication Solutions' Quality Service Guarantee

*Experience*

- Pioneer in point of care dispensing solutions since 1986
- More than 20 years experience in prescription claims processing
- Over 17,000 satisfied physician customers

*Quality*

- Best in industry leading quality assurance process that exceeds FDA quality and safety standards
- Product authentication assurance ("pedigree") on all medications
- AA-AB rated bio-equivalent generic medications
- Tamper evident foil safety seals on all bottles
- Pre-labeled instructions and warnings on every medication bottle
- Patient medication instructions
- State of the art FDA and cGMP compliant repackaging facility

*Products & Service*

- Over 2,500 prepackaged medications including injectables, liquids, creams and solutions
- Best on-time delivery in the industry
- ASP dispensing solution that can interface with your current EHR or be used as a stand-alone system
- Largest payer network in the industry
- Workflow consulting to seamlessly integrate medication dispensing

*Customer Services*

- 24/7/365 claims handling support
- Complete physician credentialing and regulatory expertise
- Online ordering 24 hours a day, 7 days a week
- Clinical pharmacy services available
- 24/7 technical service support
- Administrative support including:
  - Inventory management,
  - Payer payment reconciliation
  - Profitability reporting

*Value*

- No up front costs for software, implementation or training
- Fastest return on investment in the industry

### Real Solutions

PedigreeRx easy scripts Solution, along with your EHR, makes medication delivery at the point-of-care a simple, automated process.

FEB 18 2010

**Ask about our *new* PedigreeRx Solution!**
For inquiries:
Call: 888.990.6510 or e-mail: info@a-smeds.com

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | |
| Plaintiff, | |
| v. | Case No. |
| A-S MEDICATION SOLUTIONS, LLC, JAMES BARTA, WALTER HOFF, and JOHN DOES 1-10, | |
| Defendants. | |

## DEFENDANT A-S MEDICATION SOLUTIONS, LLC'S
## RULE 7.1 DISCLOSURE STATEMENT

Defendant, A-S Medication Solutions, LLC, for its Disclosure Statement, pursuant to FRCP 7.1, states:

1)      A-S Medication Solutions, LLC, is a privately held limited liability company, existing under the laws of the State of Nebraska, with its principal place of business in Fremont, Nebraska;

2)      A-S Medication Solutions, LLC has no parent corporation;

3)      No publicly held corporation owns any shares of A-S Medication Solutions, LLC stock;

4)      The members of A-S Medication Solutions, LLC are James Barta and Walter Hoff.

Dated:  June 26, 2012

Respectfully submitted,

A-S Medication Solutions, LLC

By:  _____ /s/ Cory D. Anderson _____
                One of their attorneys

John J. Rock, ARDC #6237980
Cory D. Anderson, ARDC #6274473
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHYSICIANS HEALTHSOURCE, INC., an Ohio
corporation, individually and as the representative
of a class of similarly-situated persons,

        Plaintiff,

v.

A-S MEDICATION SOLUTIONS, LLC, JAMES
BARTA, WALTER HOFF, and JOHN DOES 1-
10,

        Defendants.

Case No.

## AFFIDAVIT OF JAMES BARTA

I, James Barta, state:

1. I am a member of A-S Medication Solutions, LLC, which is a privately held limited liability company, existing under the laws of the State of Nebraska, with its principal place of business in Fremont, Nebraska.

2. I am a 25% shareholder in A-S Medication Solutions, LLC, Walter Hoff is a 25% shareholder in A-S Medication Solutions and Sav-Rx, LLC is a 50% shareholder in A-S Medication Solutions.

3. Sav-Rx, LLC is a privately held limited liability company, existing under the laws of the State of Nebraska, with its principal place of business in Fremont, Nebraska. I am the sole shareholder in Sav-Rx, LLC.

4. Walter Hoff, Sav-Rx LLC, and I are the only members of A-S Medication Solutions, LLC.

5. A-S Medication Solutions, LLC has no parent corporation.

6. No publicly held corporation owns any shares of A-S Medication Solutions, LLC stock.

7. My principal residence is located at City of Fremont, Dodge County, Nebraska.

_____
James Barta

SUBSCRIBED and SWORN TO before
me this 25 day of June, 2012
_____
Notary Public

GENERAL NOTARY-State of Nebraska
L. QUINCY-RUMP
My Comm. Exp. Sept. 25, 2012

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PHYSICIANS HEALTHSOURCE, INC., an Ohio
corporation, individually and as the representative
of a class of similarly-situated persons,

          Plaintiff,

v.

A-S MEDICATION SOLUTIONS, LLC, JAMES
BARTA, WALTER HOFF, and JOHN DOES 1-
10,

          Defendants.

Case No.

**AFFIDAVIT OF WALTER HOFF**

I, Walter Hoff, state:

1.     I am a member of A-S Medication Solutions, LLC, which is a privately held limited liability company, existing under the laws of the State of Nebraska, with its principal place of business in Fremont, Nebraska.

2.     I am a 25% shareholder in A-S Medication Solutions, LLC, James Barta is a 25% shareholder in A-S Medication Solutions and Sav-Rx, LLC is a 50% shareholder.

3.     Sav-Rx, LLC is a privately held limited liability company, existing under the laws of the State of Nebraska, with its principal place of business in Fremont, Nebraska. James Barta is the sole shareholder in Sav-Rx, LLC.

4.     James Barta, Sav-Rx LLC, and I are the only members of A-S Medication Solutions, LLC.

5.     A-S Medication Solutions, LLC has no parent corporation.

6.     No publicly held corporation owns any shares of A-S Medication Solutions, LLC stock.

7.     My principal residence is located in Atlanta, Fulton County, Georgia.

_____
Walter Hoff

SUBSCRIBED and SWORN TO before
me this 21st day of June, 2012

_____
Notary Public

OFFICIAL SEAL
PHILLIP J. MESI
Notary Public - State of Illinois
My Commission Expires Jul 19, 2015