# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5105 | **DATE** | 11/13/2012 |
| **CASE TITLE** | Physicians Healthsource, Inc. vs. A-S Medication Solutions, LLC | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Dismiss or to Stay [17] is denied. Plaintiff's Motion for Leave to File Supplemental Authority [24] is granted.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff Physicians Healthsource, Inc. ("Plaintiff") filed suit on May 22, 2012, in the Circuit Court of Lake County, Illinois, against Defendants A-S Medication Solutions LLC, James Barta, and Walter Hoff (collectively "Defendants"). Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and state law. The case was removed to this court on June 26, 2012. Defendants move to dismiss the complaint for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1), and alternatively request a stay of the proceedings pending a forthcoming Seventh Circuit decision. For the reasons that follow, the motion is denied.

In deciding a motion to dismiss pursuant to Rule 12(b)(1), the court must "accept[] as true all facts alleged in the well-pleaded complaint and draw[ ] all reasonable inferences in favor of the plaintiff." *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). The party invoking federal jurisdiction has the burden to establish standing. *Id.* The court may review extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway W. R.R.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

Defendants argue that this case must be dismissed because Plaintiff's complaint fails to allege actual receipt of an unsolicited fax advertisement and therefore files to allege an injury sufficient to support standing under Article III of the Constitution or the TCPA. Plaintiff responds that a) Plaintiff did allege receipt of a fax, and b) even had Plaintiff failed to allege receipt, a claim arising under the TCPA does not require proof of receipt of a fax.

The court has read the complaint as a whole, drawing all reasonable inferences in favor of Plaintiff. *See Triad Assocs., Inc. v. Robinson*, 10 F.3d 492, 498 (7th Cir. 1993) ("A court's duty . . . is to consider a complaint *as a whole*."). Based on that reading, the court finds that Plaintiff has alleged receipt of a fax. The complaint states: "On or about February 18, 2010, Defendants sent an unsolicited facsimile to Plaintiff. A copy of the facsimile

**STATEMENT**

is attached hereto as Exhibit A." (Compl. ¶ 14, ECF No. 1-1.) Plaintiff attached the fax to the complaint. The complaint also states, "There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications owners desire to receive." (*Id.* at ¶ 19.) Finally, the complaint states:

> Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

(*Id.* at ¶ 33.) From these allegations, and the fact that the fax sent to Plaintiff was attached to the complaint, the court can reasonably infer that Plaintiff received an unsolicited fax. Thus, even assuming that the TCPA requires proof of receipt of an unsolicited fax, Plaintiff has sufficiently alleged such receipt, and Defendants' Rule 12(b)(1) motion must be denied.

Because the court denies the motion on this basis, the court does not address Plaintiff's argument that, as some courts in this district have held, the TCPA does not require proof of the receipt of an unsolicited fax, but only requires that the fax have been sent. *See* 47 U.S.C. § 227(b)(1)(C) (prohibiting the use of "any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement"); *Bridgeview Health Care Ctr. Ltd. v. Clark*, No. 09 C 5601, 2011 WL 4628744, at *3 (N.D. Ill. Sept. 30, 2011) ("[T]he statutory language of the TCPA does not require receipt. Furthermore, a variety of courts in this District have certified classes where class definitions employ the term 'sent' as opposed to 'received.'").

Nor will the court grant Defendants' alternative request to stay the case pending the Seventh Circuit's decision in *Holtzman v. Turza*, Nos. 11-3746 & 11-3188 (7th Cir.) (oral argument held May 22, 2012). Defendants argue that the circuit court is likely to decide whether "actual receipt" of a fax is a necessary requirement for establishing standing for TCPA plaintiffs. Although that decision would be controlling on this court, for the reasons explained above, it would not affect the outcome of this motion to dismiss. The motion to dismiss or to stay is therefore denied.