# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5105 | **DATE** | 3/28/2013 |
| **CASE TITLE** | Physicians Healthsource, Inc. vs. A-S Medication Solutions, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file an amended complaint and amended motion for class certification [29] is granted. Defendants' cross-motion to dismiss is denied. Parties shall appear for status on 4/23/2013 at 9:30 a.m. Parties are directed to confer as to a Rule 23 discovery schedule before the status hearing.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Physicians Healthsource, Inc. ("Plaintiff") filed a complaint against Defendants A-S Medication Solutions, LLC, James Barta, and Walter Hoff (collectively "Defendants") in the Circuit Court of Lake County, Illinois, on May 22, 2012. Plaintiff alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Illinois Consumer Fraud Act, and the Illinois common law of conversion, on behalf of itself and a class of others similarly situated. Plaintiff filed a motion for class certification in the state court the same day it filed the complaint. The case was removed to this court on June 26, 2012. Plaintiff has now moved for leave to file an amended complaint and an amended motion for class certification.

Defendants have responded by filing a "cross-motion" to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. Defendants argue that under *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), this action was rendered moot by Defendants' offer to satisfy Plaintiff's claim in full. Defendants made an offer on January 29, 2013, to pay Plaintiff $1,500 for each facsimile it had received from Defendants, and also agreed to injunctive relief. In *Damasco*, the Seventh Circuit held that a full settlement offer meant that the plaintiff no longer had a "personal stake" in the litigation. *Id.* at 893. If a plaintiff no longer has a personal stake in the case, the court has no subject-matter jurisdiction and must dismiss the complaint because the case is moot. *Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994).

A defendant, however, cannot moot a case by making a settlement offer after a plaintiff has moved for class certification. *Damasco*, 662 F.3d at 895. *Damasco* thus requires plaintiffs to "move to certify the class at the same time that they file their complaint," even if the class certification motion is merely a boilerplate placeholder, and the parties are not ready to brief the class certification issues. *Id.* at 896.

Defendants claim that although Plaintiff's motion for class certification was filed in state court on May 22, 2012, Plaintiff's motion for class certification was never presented to the state court, nor was it presented to this court after the action was removed. This, Defendants argue, violated Local Rule 5.3(b), which requires all motions

**STATEMENT**

to be accompanied by a notice of presentment. Therefore, according to Defendants, the class certification motion should not be considered "pending" for the purposes of *Damasco*, meaning that Plaintiff's claim was mooted by the settlement offer and the case must be dismissed.

Defendants' argument is unconvincing. Although the presentment requirement in the Local Rules is mandatory, a district court has discretion as to whether to strike a filing or deny a motion for failure to comply with a rule. Local Rule 78.2 states:

> Where the moving party . . . delivers a motion . . . without the notice required by LR 5.3(b) and fails to serve notice of a date of presentment within 14 days of delivering the copy of the motion or objection to the court as provided by LR 5.4, the court *may* on its own initiative deny the motion or objection.

L.R. 78.2 (emphasis added). But a district court may excuse non-compliance with a rule when compliance would be an exercise in futility. *Murata Mfg. Co. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 474 (N.D. Ill. 2007) (excusing non-compliance with Local Rule 37.2).

In this case, presenting the class certification motion to the court after removal of the case would have been an empty exercise, as the parties were not ready to have the motion heard by the court or to set a briefing schedule on the motion. Under the circumstances, opposing counsel was not prejudiced by the fact that the motion was not noticed for presentment, and the court finds that it is appropriate to excuse noncompliance with Rule 5.3(b). *See Physicians Healthsource, Inc. v. Allscripts-Misy's Healthcare Solutions, Inc.*, No. 12 C 3233, 2012 WL 5989203, at *3 (N.D. Ill. Nov. 29, 2012) ("Excusing the plaintiff's noncompliance with the Local Rule's presentment schedule in this case is consistent with *Damasco*'s requirement[s].")

Moreover, nothing in *Damasco* requires this court to declare Plaintiff's action moot. In *Damasco*, a motion for class certification was filed four days *after* the defendant made a settlement offer. It was clear in that case that no class certification motion was pending at the time of the settlement offer. *Damasco v. Clearwire Corp.*, No. 10 C 3063, 2010 WL 3522950, at *1 (N.D. Ill. Sept. 2, 2010). In this case, a class certification motion was filed months before any settlement offer was made.

The court concludes that to dismiss Plaintiff's action as moot based on Plaintiff's failure to notice the motion for class certification for presentment, when the motion was filed in state court over eight months before Defendants made a settlement offer, would ignore the realities of how class certification motions are handled under *Damasco*. *See Physicians Healthsource*, 2012 WL 5989203, at *3 ("Local Rules . . . must have sufficient flexibility and must be applied to accomplish the ends of justice and 'not bury it beneath the pressure of their own weight,' Joseph Story, Miscellaneous Writings, 210 (1852)."). Defendants' cross-motion to dismiss is therefore denied, and Plaintiff's motion for leave to file an amended complaint and an amended motion for class certification is granted.