# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HELATHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, ) ) ) ) ) ) Plaintiff, ) ) v. ) ) A-S MEDICATION SOLUTIONS LLC, ) JAMES BARTA, WALTER HOFF ) and JOHN DOES 1-10, ) ) Defendants. ) | No. 12-cv-5105 Judge Joan B. Gottschall Magistrate Judge Sheila M. Finnegan |

## REPORT OF PARTIES' PLANNING CONFERENCE

**1.** **Conference and Names of Attorneys**.

Pursuant to Fed.R.Civ.P. 26(f), a conference was held on April 9, 2013. Participants to the conference were:

(a) Brian Wanca for Plaintiff Physicians Healthsource, Inc. ("Physicians Healthsource" or "Plaintiff"); and

(b) Cory D. Anderson for Defendants A-S Medication Solutions, LLC, James Barta and Walter Hoff ("A-S Medication" or "Defendants").

**2.** **Description of Claims**.

(a) Plaintiff's description of the nature of the claims asserted in the complaint, including the basis of federal jurisdiction, are as follows:

Plaintiff asserts claims for the Defendants' transmission of advertisements to Plaintiff and a putative class without prior express permission or invitation. Plaintiff brings its action for violations of the Telephone Consumer Protection Act, common conversion, and for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Federal jurisdiction exists under Federal Question Jurisdiction.

(b) Defendants' description of the nature of the defenses are as follows:

Defendants deny Plaintiff's substantive allegations, in their entirety. Among other defenses available to them, Defendants state that Plaintiff's claims are barred, in whole, or in part by § 227(b)(1)(C) et seq. Defendants further state that Plaintiff lacks standing

to bring this suit under Article III of the United States Constitution because Plaintiff has not alleged receipt of unsolicited facsimiles. Third, Defendants state that because Plaintiff lacks standing to bring this suit under Article III of the United States Constitution, it has failed to establish the existence of an actual controversy to be decided by this Court. Accordingly, this Court lacks subject-matter jurisdiction over the claims and controversies alleged by Plaintiff. Finally, Defendants dispute class certification because Plaintiff cannot meet its burden pursuant to the requirements of Rule 23.

3. **Prospects of Settlement**.

   (a) Status of settlement discussions are as follows: No settlement discussions have taken place. Until sufficient class discovery has been provided, settlement conferences would be premature.

   (b) The Parties believe discovery defining the parameters and propriety of the proposed potential class is needed to meaningfully assess settlement.

4. **Consideration of Issues Concerning Electronically Stored Information ("ESI")**.

   The Parties report as follows:

   (a) The Parties have discussed the potential existence of ESI in the case. The Parties anticipate that discovery will encompass at least some electronically stored information. To the extent that discovery includes electronically stored information, production of such information must be produced in native electronic format if possible.

5. **Pre-Discovery Disclosures and Pleadings**:

   (a) The Parties believe Rule 26(a)(1) disclosure should apply.

   (b) Information required by Fed. R. Civ. P. 26(a)(1) has been exchanged.

   (c) Defendants Rule 12(b)(1) motion to dismiss was denied by this Court on March 28, 2013. Plaintiff filed its amended complaint on April 2, 2013. Defendants request up to and including May 10, 2013 in which to file their responsive pleading to Plaintiff's amended complaint. Plaintiff opposes any additional extension to answer the amended complaint.

6. **Discovery Plan**.

   The Parties jointly propose to the Court the following discovery plan:

   (a) Discovery will be needed on the following subjects:

      (i) Rule 23 issues including numerosity, commonality, typicality and superiority.

    (ii)    Whether Plaintiff had an "established business relationship" with Defendants when Plaintiff received the fax.

    (iii)    Whether Plaintiff communicated its facsimile number to Defendants or agreed to make its facsimile number available for distribution.

    (iv)    Whether any of Defendants' fax advertisements had opt out language compliant with 64 C.F.R. 1200 to permit Defendants to claim consent or EBR as a defense.

    (v)    When and how Defendants obtained Plaintiff's facsimile number and those of the putative class members.

    (vi)    The identity and location of putative class members, whether they consented to receive facsimiles, had relationships with Defendants, and the circumstances under which they may have received facsimiles.

    (vii)    The adequacy and typicality of Plaintiff as putative class representative, as well as the adequacy of putative class counsel.

    (viii)    Discovery relative to Defendants' affirmative defenses.

(b)    All Rule 23 fact discovery to be completed by October 25, 2013.

(c)    The Parties propose the following variations on the limits imposed by Rules 30 and 33 on deposition and interrogatory discovery:

    (i)    The Parties are limited to 10 depositions each for the purposes of completing Rule 23 fact discovery, except by agreement or upon showing of good cause.

    (ii)    The Parties shall be entitled to serve up to 30 interrogatories each for the purposes of completing Rule 23 fact discovery, except by agreement or upon showing of good cause.

(d)    Reports from retained experts under Rule 26(a)(2) due:

    (i)    From Plaintiff by November 29, 2013.

    (ii)    From Defendant by December 31, 2013.

    (iii)    Plaintiff's Rebuttal Report by February 14, 2014.

(e)    All retained expert depositions to be completed by February 28, 2014.

(f)    Plaintiff to file its Rule 23 motion and brief on or before March 28, 2014.

7.  **Pretrial/Trial Plan**.

    The Parties request an additional scheduling conference with the Court for merits discovery and summary judgment scheduling after the Court rules on Plaintiff's Rule 23 Motion.

8.  **Magistrate Judge Consent**.

    Plaintiff does not consent to referral to a United States Magistrate Judge.

Dated: April 22, 2013

Respectfully submitted,

| **PHYSICIANS HEALTHSOURCE, INC.** | **A-S MEDICATION SOLUTIONS, JAMES BARTA and WALER HOFF** |
|---|---|
| s/Brian J. Wanca | s/Cory D. Anderson |
| One of Its Attorneys | One of Their Attorneys |
| | |
| Brian Wanca | John J. Rock |
| **Anderson + Wanca** | Cory D. Anderson |
| 3701 Algonquin Road, Suite 760 | **Rock Fusco & Connelly, LLC** |
| Rolling Meadows, IL 60008 | 321 N. Clark Street, Suite 2200 |
| (847) 368-1500 | Chicago, IL 60654 |
| | (312) 494-1000 |