# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and on behalf of similarly situated persons, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| A-S MEDICATION SOLUTIONS, LLC, JAMES BARTA, WALTER HOFF and JOHN DOES 1-10, | ) ) ) ) |
| Defendants. | ) ) |

Case No. 12-cv-05105

Judge Joan B. Gottschall

## MEMORANDUM OPINION & ORDER

In this class action, the plaintiff, Physicians Healthsource, Inc. ("PHI"), claims that the defendants, primarily A-S Medication Solutions, LLC ("A-S"),[1] violated the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended, 47 U.S.C. 227 *et. seq*., by sending an advertisement to 11,422 fax numbers in 2008. After nearly three years of discovery, the court certified this case as a class action in September 2016. Plaintiff sent notice to the class, and PHI then filed a motion for summary judgment.

But briefing on that motion has stalled due to a dispute over the declarations of putative class members; the declaration of Yaniv Schiff ("Schiff"), a designated expert, dated February 20, 2017; and an accompanying spreadsheet attached to A-S's Local Rule 56.1(b)(3) statement of additional facts ("A-S SOF"), ECF No. 227, (collectively "the disputed evidence"). PHI contends that A-S violated Federal Rule of Civil Procedure 26(a)(1) and (2) by failing to make disclosures about the disputed evidence before discovery closed in December 2015 (the date on

---

[1] PHI also names James Barta, Walter Hoff, and John Does 1-10 as defendants. The court employs the singular "A-S" for simplicity's sake.

which discovery closed is disputed, but the court does not resolve that dispute today). PHI moves under Rule 37(c)(1) to strike the disputed evidence and the portions of A-S's summary judgment response that refer to the disputed evidence. As explained below, any nondisclosure was harmless under Rule 37(c)(1) because PHI was complicit in bringing about the only prejudice it claims to have suffered. Accordingly, the court denies PHI's motion to strike.

## I. PROCEDURAL HISTORY

After two initial rounds of motion practice on the sufficiency of the complaint, PHI filed its amended complaint, ECF No. 38, and first motion for class certification, ECF No. 39, on April 2, 2013. Discovery began, and the court referred the case to the assigned magistrate judge for discovery supervision on September 4, 2013. ECF No. 51. The court entered an order on November 26, 2013, denying the first motion for class certification without prejudice. ECF No. 57. The order stated that "[a]s Rule 23 discovery is ongoing in this case, Plaintiff's Motion to certify class is denied without prejudice, in the interest of judicial economy." *Id.* (citation omitted).

Discovery continued. *See, e.g.*, Status Report & Proposed Schedule, Mar. 14, 2014, ECF No. 62; Am. Protective Order, May 14, 2014, ECF No. 75. A-S's third motion to compel culminated in the entry of an order by the magistrate judge on September 18, 2014. That order provided:

> The discovery schedule is amended pursuant to the parties' joint stipulation. All Rule 23 fact discovery to be completed by 2/2/2015. Plaintiff to provide disclosures and reports from Plaintiff's Rule 23 opinion witness(es) on or before 3/2/2015. Defendants to depose Plaintiff's Rule 23 opinion witness(es) and provide Defendants' Rule 23 opinion witness(es) disclosures and reports on or before 3/30/2015. Plaintiff to depose Defendants' Rule 23 opinion witness(es) on or before 4/30/2015. Plaintiff's Rule 23 rebuttal witness(es) to be disclosed and opinion report(s)

> served on or before 5/14/2015. Defendants to depose Plaintiff's
> Rule 23 rebuttal witness(es) by 5/28/2015.

ECF No. 90. After this point, explicit references to Rule 23 discovery drop from the docket. Later docket entries use unqualified language to set discovery deadlines, as though the deadlines set controlled discovery on all issues rather than just class issues. *See, e.g.*, ECF No. 103 ("All expert discovery to be completed by 8/31/2015.").

The subsequent discovery deadlines nonetheless trace their lineage to the September 18, 2014, minute entry.[2] The path of explicit deadlines runs from September 18, 2014, ECF No. 90, to October 9, 2015.[3] On October 9, 2015, the parties reported only one outstanding fact-discovery issue, a Rule 30(b)(6) deposition. Minute Entry, Oct. 9, 2015, ECF No. 138. That issue provoked some further litigation. *See* Minute Entry, Nov. 9, 2015, ECF No. 143 (deciding third party's motion for relief from discovery order). The magistrate judge held a status conference on December 10, 2015. The minute entry for that conference reads: "The parties report that discovery has been completed." ECF No. 145.

This court then set a status conference, ECF No. 146, and PHI moved for class certification, ECF No. 147. A-S first filed the declarations of putative class members that are the subject of the instant motion to strike with its response to the motion to certify on May 13, 2016. ECF No. 254 at 5; *compare* ECF Nos. 171-5, 171-6, 171-15, 171-16, and 171-17 *with* ECF Nos. 227-7, 227-8, 227-9, 227-10, and 227-11. The court granted the motion for class certification on

---

[2] The parties' filings during the same period reflect a similar understanding. On April 15, 2015, the magistrate judge directed the parties to file a status report that, among other things, "set[ ] forth the parties' respective positions on whether the fact discovery deadline should be extended and, if so, the proposed new deadline." Minute Entry, ECF No. 114. The parties traced the discovery deadline to ECF No. 103, which modified the deadline for Rule 23 fact discovery first set on September 18, 2014. *See* ECF No. 115 ¶ 2; *see also* Mot. to Extend Disc. Deadline ¶ 1, Aug. 27, 2015, ECF No. 132 (citing July 1, 2015, order as controlling discovery cut-off).

[3] *See* Minute Entry, Jan. 30, 2015, ECF No. 103 (extending "the deadline for completing fact discovery" to June 1, 2015, by parties' agreement); Minute Entry, Apr. 30, 2015, ECF No. 116 (extending fact discovery, as parties proposed, to July 1, 2015); Minute Entry, July 1, 2015, ECF No. 121 (extending fact-discovery deadline to Aug. 31, 2015, without opposition from PHI); Minute Entry, Aug. 27, 2015, ECF No. 134 (granting agreed motion to extend fact-discovery deadline to Sept. 25, 2015).

September 27, 2016. *Physicians Healthsource, Inc. v. A-S Medication Solutions, LLC*, 318 F.R.D. 712, 725 (N.D. Ill. 2016). After sending notice to the class members, the parties announced at a status conference held December 9, 2016, in response to the court's inquiry, that they did not need to take further discovery. Consistent with its representations at that hearing, PHI then filed a motion for summary judgment, and A-S filed a response to that motion. A-S cites the declarations of class members generally to show that "[c]lass members also specifically gave A-S Medication permission to send them fax advertisements because they wanted to stay apprised of A-S Medication's products." A-S SOF ¶ 19, ECF No. 227. Also, Schiff's declaration dated February 20, 2017, ECF No. 227-14 Ex. N, and a spreadsheet he prepared, ECF No. 227-15, Ex. O, number among the exhibits supporting A-S's Local Rule 56.1(b)(3) statement of additional facts. *See* A-S SOF ¶¶ 22–23, ECF No. 227. A-S relies on Schiff's analysis of publicly available government data, described in his declaration, and the spreadsheet for the proposition that "[t]here are on average more than five other provider organizations or persons associated with each of the 11,422 unique numbers identified in the fax log at issue here." *Id.* ¶ 23.

## II. RULE 26(a) DISCLOSURES

In most cases, including this one, Federal Rule of Civil Procedure 26(a)(1) requires parties to make certain initial disclosures "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1) (allowing court to order otherwise); *but see id.* R. 26(a)(1)(B) (exempting certain types of cases). Under Rule 26(e), a party must supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." *Id.* R. 26(e)(1)(A).

4

Rule 37(c)(1) supplies a remedy for initial-disclosure and supplementation violations. It provides, in part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Seventh Circuit has held that "[t]he exclusion of non-disclosed evidence is 'mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.'" *Rossi v. City of Chicago*, 790 F.3d 729, 737–38 (7th Cir. 2015) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)); *accord Cripe v. Henkel Corp.*, 858 F.3d 1110, 1112 (7th Cir. 2017) (citing *Hassebrock v. Bernhoft*, 815 F.3d 334, 341 (7th Cir. 2016) and *Novak v. Bd. of Trs. of S. Ill. Univ.*, 777 F.3d 966, 972 (7th Cir. 2015)). Rule 37(c)(1) allows the court to impose lesser sanctions "[i]n addition to or instead of this sanction." *See Malik v. Falcon Holdings, LLC*, 675 F.3d 646, 649–50 (7th Cir. 2012) (citing *Ball v. City of Chicago*, 2 F.3d 752 (7th Cir. 1993)) ("[Rule 37] gives the judge discretion to match a remedy to the wrong."); *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011) ("Whether a failure to comply with Rule 26(a) or (e) is substantially justified, harmless, or warrants sanctions is left to the broad discretion of the district court." (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003))).

### III. ANALYSIS

**A. PHI Should Have Conferred with A-S as Local Rule 37.2 Requires Before Filing Its Motion to Strike**

A-S begins with a procedural argument of its own. It asserts that PHI's motion should be denied outright because it did not comply with the conference requirement of Local Rule 37.2, which reads, in its entirety:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for

> discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

N.D. Ill. L.R. 37.2.

The parties and the cases disagree about whether Local Rule 37.2 applies to a motion to strike under Rule 37(c)(1). A-S's position that no Local Rule 37.2 conference is required before filing a Rule 37(c)(1) motion finds support in Judge Cole's opinion in *Finwall v. City of Chicago*, 239 F.R.D. 494 (N.D. Ill. 2006). Judge Cole held that a Rule 37(c)(1) motion is not a "discovery motion" under Local Rule 37.2 because exclusion of material attached to a motion is automatic when Rule 37(c)(1)'s prerequisites are satisfied. *Id.* at 500 (citations omitted); *see also Jackson v. City of Chicago*, No. 03 C 8289, 2006 WL 2224052, at *10 (N.D. Ill. July 31, 2006) (Filip, J.) (citing *Finwall* and endorsing its reasoning to decide a related question). At least one other judge of this court has denied a Rule 37(c)(1) motion because it lacked a Local Rule 37.2 certification, however. *Jones v. Union Pac. R.R. Co.*, No. 12 C 771, 2015 WL 5252958, at *15–16 (N.D. Ill. Sept. 8, 2015) (Lefkow, J.).

Local Rule 37.2's introductory clause declares its purpose: "To curtail undue delay and expense in the administration of justice . . . ." By requiring parties to confer, Local Rule 37.2 attempts to weed out disputes that can be amicably resolved without judicial intervention, thereby freeing the court's resources for disputes that truly cannot. *Chamberlain Grp. v. Lear Corp.*, No. 05 C 3449, 2010 WL 2836975, at *1 (N.D. Ill. July 15, 2010) ("Each hour needlessly spent on a dispute is an hour squandered." (citing *Chi. Observer, Inc. v. City of Chicago*, 929

F.2d 325, 329 (7th Cir. 1991))); *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, No. 05 C 5488, 2007 WL 2736681, at *2 (N.D. Ill. Sept. 10, 2007) (Cole, Mag.J.).

The results in *Finwall* and *Jones* can be understood as products of their respective procedural postures. The odds that a conference would lead to an amicable, out-of-court solution change depending on whether the Rule 37(c)(1) motion was filed before or after a scheduled expert deposition. The plaintiff in *Jones* argued before an expert deposition that the expert report in question failed to disclose certain measurements on which the expert based his opinion. *See* 2015 WL 5252958, at *16. As a result, the plaintiff took the position that his counsel could not adequately cross examine the expert at his deposition. *Id.* Had the parties conferred about the calculations, however, they might well have devised a more cost-effective way of resolving their dispute than full-blown motion practice, and that method may have included disclosure of the calculations to be vetted. That disclosure could well have occurred before the expert's deposition itself, so the *Jones* court decided that the Rule 37(c)(1) motion was a discovery motion under Local Rule 37.2. *See id.*

In *Finwall*, by contrast, no predeposition disclosure seems to have been possible, and so the court there concluded that a party with a Rule 37(c)(1) claim would be unlikely to compromise because Rule 37(c)(1)'s remedy is automatic. *See Finwall*, 239 F.R.D. at 500. To think that litigants will always, or even often, maximize their own self-interest and avoid unnecessary motion practice would be naive. *Cf. AMPAT/Midwest, Inc. v. Ill. Tool Works Inc.*, 896 F.2d 1035, 1043 (7th Cir. 1990) ("Litigation arises from the pathology of social interactions, so we should not be surprised that often parties to litigation appear to have acted from incomprehensible motives, behaved irrationally, misconceived their self-interest, exhibited bizarre deviations from rationality."). Nevertheless, when a disclosure issue arises, the parties

7

have some incentive to find a solution other than motion practice. They face uncertainty over whether the disclosure was required at all and, if it was, whether the court will find the nondisclosure to be substantially justified. *See* Fed. R. Civ. P. 37(c)(1). In light of these uncertainties, a conference could lead to a cheaper and less risky disclosure, as was possible before the expert deposition in *Jones*. But when the nondisclosure rears its head for the first time after discovery has closed as it did in *Finwall*, little incentive remains to compromise. Nonetheless, Local Rule 37.2 does not speak in probabilities; it simply requires a conference. Litigants should not have to undertake a detailed analysis of each case's procedural posture and the odds of a conference being productive to decide whether one is required. *Jones* demonstrates that a significant percentage of disputes that precipitate a Rule 37(c)(1) motion can be resolved through a conference leading to further discovery. Local Rule 37.2's text and the need for bright-line rules in this area are enough to require a Local Rule 37.2 conference before the filing of all Rule 37(c)(1) motions.

As Judge Cole recognized in *Finwall*, the doctrine of futility applies to Local Rule 37.2, and it may be invoked as a safety valve when requiring a conference would be ridiculous. *See Finwall*, 239 F.R.D. at 500–01 (concluding in the alternative that any conference would have been futile); *Autotech*, 2007 WL 2736681, at *1–2 (citing *Murata Mfg. Co. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 474 (N.D. Ill. 2007)) (acknowledging authority to excuse noncompliance under futility doctrine but deciding not to do so based on case's circumstances). But litigants should not treat the futility doctrine as an invitation to bypass the straightforward requirements of Local Rule 37.2. *Cf. Slaven v. Great Am. Ins. Co.*, No. 11 C 7993, 2014 WL 4470723, at *2 (N.D. Ill. Sept. 11, 2014) (observing that Local Rule 37.2's commands "could not be more explicit").

In the case at bar, PHI did not comply with Local Rule 37.2's conference requirement, and A-S makes no effort to show that doing so would have been futile beyond recapitulating *Finwall*'s reasoning on Local Rule 37.2. *See* Resp. Supp. Mot. to Strike 14–15, ECF No. 254. As discussed in the next part of this opinion, the parties had an opportunity to confer about the class members' declarations before the summary judgment motions were filed. Like the motion in *Jones*, PHI's Rule 37(c)(1) motion must therefore be denied for failing to comply with Local Rule 37.2 alone.

**B. Failure to Disclose Class Members' Declarations Was Harmless Because PHI Could Have Avoided Its Wasted Effort at Summary Judgment**

The Seventh Circuit has repeatedly warned in Rule 37(c)(1) cases that "[i]n the normal course of events, justice is dispensed by the hearing of cases on their merits." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 760 (7th Cir. 2004) (quoting *Salgado ex rel. Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998)) (brackets in original). Because a trial date has not been set, discovery could be reopened and new summary judgment motions filed, but the court need not do that if the additional cost and burden inflicted on the party moving for Rule 37(c)(1) sanctions is unjustified. *See id.* ("[I]t is not an abuse of discretion to conclude that the additional costs to Gentiva of preparing a new summary judgment motion and further delay in extending the trial date are not harmless." (citing *Dura Auto. Sys. of Ind., Inc., v. CTS Corp.*, 285 F.3d 609, 616 (7th Cir. 2002))). While A-S will bear additional costs as a result of reopening discovery, its complicity in creating that problem convinces the court that allowing further discovery is the proper course.

Judge Cole denied a Rule 37(c)(1) motion to strike filed by PHI last year in another junk-fax case, refusing to reward its "ostrich-like approach to legal issues." *Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, No. 12 C 3233, 2016 WL 7034074, at *5 (N.D. Ill. Dec.

9

2, 2016) (citations omitted). Just as in this case, the defendant attached fourteen declarations of class members to its summary judgment response; the class members generally averred that they had consented to receiving faxes. *See id.* at *1, 5. Judge Cole reasoned that PHI "knew that consent would be a critical issue" because "its own Complaint said so and seemed to relegate proof on that score to the plaintiff." *Id.* at *5. PHI, explained Judge Cole, had an "ample opportunity" to cure any prejudice; it had "a month and a half during which plaintiff could have addressed this issue with a motion to strike or, in the case of the motion for summary judgment, with a motion under Fed. R. Civ. P. 56(d) for some additional discovery." *Id.* at *6.

If anything, PHI exhibited even more ostrich-like behavior here.[4] As PHI points out, this court ruled in its decision certifying a class that the defendants have the burden to prove consent. 318 F.R.D. at 722 (citations omitted). But the court also described consent as a contested issue three times in that opinion.[5] *See id.* at 718 & n.2, 723. PHI admits that it knew about the declarations no later than May 2016 when A-S filed them with its response to the motion to certify. Reply Supp. Mot. to Strike 5, ECF No. 254 (stating date was May 13, 2016). Nevertheless, neither party mentioned the declarations or PHI's nondisclosure contentions at the December 2016 status conference. Given the court's decision and the filing of the declarations almost seven months earlier, PHI effectively ignored the elephant in the room regardless of the burden of proof. *See Allscripts*, 2016 WL 7034074, at *5–6. The parties forged ahead in the

---

[4] As the Seventh Circuit has noted more than once, contrary to the popular belief, ostriches do not bury their heads in the sand when they become frightened. *United States v. Ramirez*, 574 F.3d 869, 876 n.2 (7th Cir. 2009) (citing *United States v. Black*, 530 F.3d 596, 604 (7th Cir. 2008)) (discussing jury instruction nicknamed "the ostrich instruction"). If an ostrich cannot run from the danger it perceives, it "'flops to the ground and remains still, with its head and neck flat on the ground in front of it' and merely looks as if it has buried its head in the sand." *Id.* (quoting *Black*, 530 F.3d at 604).

[5] The parties disagree about whether the December 10, 2015 announcement to the magistrate judge that discovery was complete marked the end of class discovery or all discovery. As explained in note 3, *supra*, the discovery deadlines set by the magistrate all trace to what were called Rule 23 deadlines. The parties point to nothing in the record shedding light on whether the scope of discovery intentionally expanded or whether the omission of Rule 23 references was a clerical oversight. Because the disposition of PHI's motion to strike does not change even if PHI is correct that all discovery closed in December 2015, the court leaves this issue for another day.

elephant's shadow, announcing in December 2016 that at least one motion for summary judgment was forthcoming. The court asked the attorney representing each party whether all discovery had been completed; both attorneys replied that it had. No trial date had been set. Had the parties mentioned the declarations in December 2016, discovery could have been reopened without any party incurring the expense of briefing on summary judgment.

Put another way, the only prejudice PHI claims (the expense of preparing a motion for summary judgment) is largely a self-inflicted wound. Rule 37(c)(1) should be applied in a manner that expedites litigation's progress to a just, speedy, and inexpensive resolution. *See Salgado*, 150 F.3d at 742–43 & n.6 (affirming imposition of Rule 37(c)(1) sanction and stating that "the court has a right, independent of the parties, to conduct trial preparation in a manner that husbands appropriately [its] scarce judicial resources"). To that end, courts, in their discretion, decline to impose Rule 37(c)(1) sanctions to reward improper gamesmanship that delays litigation—something the Advisory Committee warned against when it began requiring initial disclosures in 1993. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011) (reiterating that the Rule 26(a) disclosures should not be read "to encourage litigants to 'indulge in gamesmanship with respect to the disclosure obligations'" (quoting Fed. R. Civ. P. 26(a)(1) advisory committee's note (1993) (other citation omitted)); *see also, e.g.*, *Malibu Media LLC v. Doe*, No. 13 C 6312, 2016 WL 464045, at *13 (N.D. Ill. Feb. 8, 2016) (rejecting "effort to add new opinions to [expert]'s original declaration [as] gamesmanship under the guise of supplementation"); *Allen v. Int'l Truck & Engine*, No. 1:02-cv-0902-RLY-TAB, 2006 WL 2578896, at *15 (S.D. Ind. Sept. 6, 2006) (imposing lesser sanction because "Plaintiffs' counsel's failure to promptly notify the Defendant of the inadvertently filed billing records amounted to needless gamesmanship"). Some have made the point by observing that the prejudice flowing

from a disclosure violation is a self-inflicted wound. *See Sullivan v. Dolgencorp, LLC*, No 13-cv-724-jdp, 2014 WL 6687569, at *3 (W.D. Wis. Nov. 26, 2014) (citing *Ackermann v. Powers*, No. 04-C-845-C, 2005 WL 1432369, at *1 (W.D. Wis. June 16, 2005)) (declining to sanction party for late disclosures because "waiting and seeking extreme sanctions [of exclusion] was the wrong approach" and so much of the prejudice from late disclosures was "self-inflicted"); *Large v Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2008 WL 4238963, at *10–11 (N.D. Ind. Sept. 10, 2008) (denying motion to strike expert report because defendant "waited 51 days after the disclosure to file the current motion to strike," so defendant's difficulties were "of its own making"). In light of these authorities and the purposes Rule 37(c)(1) sanctions serve, PHI largely complains of a problem of its own making when it claims prejudice here; and so the nondisclosure of the fourteen declarations was instead harmless under Rule 37(c)(1).

**C. Further Discovery Is Warranted**

The court's conclusion that the failure to disclose the class members' declarations was harmless renders further analysis unnecessary. As a backup argument, PHI requests an opportunity to depose Schiff again. Reply Supp. Mot. to Strike 15, ECF No. 254. Even if the failure to disclose Schiff's February 2017 declaration was not harmless, any prejudice can be cured during the discovery period necessitated by the filing of the fourteen declarations of class members.

Finally, the parties effectively agree that a new round of summary judgment briefing will be necessary after further discovery. Indeed, were the court to hold the motion summary judgment in abeyance pending a reply, A-S would not have the chance to be heard on how discovery affected the arguments raised in PHI's motion for summary judgment. Neither PHI nor A-S believes adjudicating PHI's motion for summary judgment without further discovery is

appropriate.  *Cf.* Fed. R. Civ. P. 56(d).  In these circumstances, nothing would be gained by keeping the motion for summary judgment pending.[6]  *See OneBeacon Ins. Co. v. U.S. Foods, Inc.*, 304 F.R.D. 536, 541–43 (N.D. Ill. 2014) (granting motion for additional discovery under Rule 56(d) "[b]ecause discovery may allow U.S. Foods to produce a valid defense"); *Parker v. EMC Mortg. Corp.*, No. 11-cv-05682, 2014 WL 7205474, at *5, 6 (N.D. Ill. Dec. 18, 2014) (denying motion for summary judgment without prejudice "[i]n light of the anticipated . . . additional discovery permitted by this ruling"); *Hu v. Vill. of Maywood*, No. 07-cv-7203, 2010 WL 276704, at *4–5 & n.5 (N.D. Ill. Jan. 19, 2010) (denying motion for summary judgment without prejudice to allow additional discovery even though party's motion for additional discovery was not sufficiently specific because "a number of courts have recognized that courts can deny or continue a motion for summary judgment to permit further discovery pursuant to Rule 56(f)[, not Rule 56(d),] *sua sponte*").

## IV. CONCLUSION

For the reasons stated, PHI's motion to strike, ECF No. 238, is denied, and its motion for summary judgment, ECF No. 215, is denied without prejudice.  A status conference is set for September 22, 2017, at 9:30 a.m. to make a plan for conducting further discovery.

Date:  September 7, 2017                                                                                    /s/
                                                                                                    Joan B. Gottschall
                                                                                                    United States District Judge

---

[6] On August 18, 2017, A-S, with leave of court, brought to the court's attention a case decided after briefing on the pending motions was complete, *Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2017 WL 3206324, at *5–7 (M.D.N.C. July 27, 2017).  The court has reviewed *Krakauer*, but A-S contends that *Krakauer* affects the motion for summary judgment, not its motion to strike.  *See* Mot. Leave Cite Supplemental Authority ¶¶ 4–7, ECF No. 256. Because the court does not reach the summary judgment motion, it need not discuss *Krakauer* today.  Of course, the parties remain free to cite and discuss *Krakauer* in the future if they wish.