IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>A-S MEDICATION SOLUTIONS LLC and WALTER HOFF,<br><br>Defendants. | Case No. 12 C 5105 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This is a TCPA case involving unsolicited advertisements sent by fax. The plaintiff, Physicians Healthsource, Inc., filed the case in state court in May 2012, and the defendants, A-S Medication Solutions LLC and Walter Hoff, removed it to federal court in June 2012. On September 27, 2016, the judge to whom the case was previously assigned certified a plaintiff class consisting of those who were successfully sent the advertisement between February 10 and February 28, 2010. In mid-October 2017, the case was transferred to the undersigned judge.

On August 21, 2018, the Court granted summary judgment for the plaintiff class on the question of liability; the class did not move for summary judgment on damages. The Court concluded that the fax was an unsolicited advertisement within the meaning of the TCPA; the defendants sent it using a computer; and it was successfully delivered to 11,422 fax numbers. This left only the issue of whether the class would seek treble damages for willful or knowing violations of the TCPA or instead would seek the fixed

statutory damages amount of $500 under 47 U.S.C. § 227(b)(3). The Court set the case for a December trial date on any remaining issues.

On October 25, 2018, plaintiffs filed a statement saying that they are not seeking damages for willful or knowing violations and are instead seeking the statutory amount of $500 per fax. Plaintiffs then filed a motion for entry of judgment, saying that no issues remain to be tried to the Court. Plaintiffs request entry of a judgment in the amount of $5,709,000, representing 11,418 violations (4 class members opted out) at $500 per violation, to be paid into the Court's registry as security for payment to class members. Plaintiffs propose to thereafter submit a petition for attorney's fees, expenses, and an incentive award for the named plaintiff. Once those matters are adjudicated, plaintiffs say, they will submit a plan for distribution, which will involve having a claims administrator send notice to the class members to allow them to turn down the money or provide updated information to facilitate distribution.

Defendants object. They say that before any judgment may be entered, there must be an opportunity for "individualized challenges to claims of purported class members." Defs.' Resp. to Pls.' Mot. for Judg. at 4. Specifically, defendants say that they want to be able to "challenge class members who lack standing or the right to recover." *Id.* at 5. According to defendants, for any given fax that was sent, there are multiple persons with a potential right to recover: the owner of the fax machine; the subscriber of the phone number to which the fax was sent; anyone who paid for paper or toner to print the fax; or anyone annoyed or inconvenience by the fax. *Id.* at 6. The log showing where the faxes were sent, defendants say, does not identify all of these people or entities. Defendants say that they all must be identified, and any competing

2

claims to each $500 award must be sorted out, before any judgment may be entered. Defendants propose a claim form that would require the recipient to state whether he, she, or it: (a) owned the fax machine connected to the pertinent fax number in February 2010; (b) subscribed to the fax number in February 2010; (3) purchased paper or toner for the fax machine connected to the number in February 2010; and/or (4) personally reviewed and/or was inconvenienced by receipt of the fax in February 2010.

Defendants' contentions are largely foreclosed by the series of decisions by the Seventh Circuit in the case of *Holtzman v. Turza*. See *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013) ("*Holtzman 1*"); *Holtzman v. Turza*, 828 F.3d 606 (7th Cir. 2016) ("*Holtzman 2*"); *Holtzman v. Turza*, 701 F. App'x 506 (7th Cir. 2017) ("*Holtzman 3*"). In *Holtzman 1*, the court determined that a common fund-type recovery is inappropriate in a TCPA class action and that the recipients of the faxes, not the class as a whole, are entitled to any damages awarded. See *Holzman 1*, 728 F.3d at 688. The court said that each recipient must show that his fax machine or computer received the fax, but that the record of where the faxes were sent was sufficient to show this; recipient-by-recipient adjudication was not necessary. *Id.* at 684-85. The same is true here. There are records, which are not subject to legitimate dispute, showing the names and fax numbers of those to whom the fax at issue in this case was sent. These records served as the basis for sending notice to the members of the class following entry of the class certification order. In short, there is no mystery regarding the identity of the fax recipients/class members[1]; the named recipients are the ones who are entitled to

---

[1] Indeed, defendants previously represented to the Court that they had "disclosed the names, addresses and phone number of all putative class members." Defs.' Surreply to Pl.'s Mot. for Class Certif. (dkt. no. 189) at 4.

3

recover damages. No further process to determine the "right" recipients is needed prior to entry of judgment. *See Holtzman 3*, 701 F. App'x at 507.

The Court also notes that defendants *did not oppose* plaintiffs' proposal, approved by the judge to whom the case was previously assigned, to send notice of the pendency of the class action and certification of the class to the persons and entities named on this very same list, and only to them. If defendants had a legitimate objection that the class actually included more persons than the named recipients, that—not now—was the time to assert it. By failing to do so then, defendants forfeited the point. But even if they did not, their contention lacks merit as just discussed.

The appropriate procedure, at this point, is the one specifically approved in *Holtzman 1*: entry of a judgment requiring the defendants to pay the statutory damages award of $500 per class member into the Court's registry. *See Holtzman 1*, 728 F.3d at 689. The Court will then determine attorney's fees and expenses, taxable costs, and a proposed incentive award for the named plaintiff, as well as a plan for distribution of damages—net of these amounts—to class members. The Court notes in this regard that it is clear that any distribution of fees to class counsel must be based on funds that are actually distributed, not on the total amount deposited by defendants. *Holtzman 2*, 828 F.3d at 608-09. The reason is that the TCPA is not a fee-shifting statute.

Although the matter of attorney's fees (specifically, the amount) must be determined before distribution, the Court need not decide it before entry of judgment. As is the case generally, determination of attorney's fees is collateral to the merits, *see, e.g., Houben v. Telular Corp.*, 231 F.3d 1066, 1071 (7th Cir. 2000) (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200-01 (1988)), and is dealt with following entry

of judgment.

Finally, there is a reasonable likelihood that not all of the class members will actually claim their recovery—for example, not all checks will be cashed, and some will be returned unclaimed. *Holtzman 1* and *Holtzman 2* make it clear that any unclaimed funds must go back to the defendants or to a *cy pres* recipient.[2] In *Holtzman 2*, the Seventh Circuit approved the district judge's determination that unclaimed funds would go back to the defendant, but the court also said that a *cy pres* distribution may be appropriate. See *Holtzman 2*, 828 F.3d at 608 ("A district judge might conclude that the inability to track down the current address of a person who has moved should not automatically benefit the wrongdoer."). The Court will determine that point when it rules on any proposed plan for distribution or, perhaps, once there is a better idea of how much there is in the way of unclaimed funds.

## Conclusion

In sum, the ruling date of November 28, 2018 is vacated. The Court grants plaintiffs' motion for entry of judgment [dkt. no. 312]. The Clerk is directed to enter judgment in favor of the plaintiff class and against defendants A-S Medication Solutions LLC and Walter Hoff, jointly and severally, in the amount of $5,709,000, and directing the defendants to deposit that sum into the registry of the Court by no later than December 19, 2018. Plaintiffs are given until December 19, 2018, to file a petition for attorney's fees and expenses and any request for an incentive award—all of which will come out of the amount of the judgment as previously stated. Also by December 19,

---

[2] The TCPA sets statutory damages at $500 per fax recipient, and any attorney's fee award has to come out of that, so there will be no occasion for a second distribution to class members. See *Holtzman 2*, 828 F.3d at 608.

5

2018, plaintiffs are to file a proposed plan for distribution of any amounts deposited pursuant to the judgment.[3] The only amount recoverable over and above the judgment amount consists of taxable costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Any bill of costs must be filed by December 19, 2018. The case is set for a status hearing on December 20, 2018 at 9:30 a.m., at which time the Court will set a schedule for any further briefing that is appropriate on the matters of attorney's fees and expenses, incentive awards, and taxable costs.

Date: November 27, 2018

_____
MATTHEW F. KENNELLY
United States District Judge

---

[3] Plaintiffs propose to defer submission of a plan for distribution until after the Court determines attorney's fees, but the Court sees no good reason to wait. The case was already five years old when it was reassigned to the undersigned judge, and it has gotten a little over a year older since then. It is time to bring matters to a close.