UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., individually and as the representative of the certified Class,<br><br>                Plaintiff,<br><br>v.<br><br>A-S MEDICATION SOLUTIONS LLC, WALTER HOFF and JOHN DOES 1-10,<br><br>                Defendants. | Case No.: 12-cv-5105<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFF'S PETITION FOR ATTORNEYS'
FEES, INCENTIVE AWARD, AND EXPENSES**

Plaintiff, Physicians Healthsource, Inc., as representative of the certified Class, submits this Petition for an Award of Attorneys' Fees, Incentive Award, and Expenses.

**INTRODUCTION**

On November 27, 2018, the Court granted Plaintiff's Motion for Entry of Judgment against Defendants A-S Medication Solutions LLC and Walter Hoff, jointly and severally, in the amount of $5,709,000 for Defendants' violations of the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. § 227, *et seq.* (Doc. 331). The $5,709,000 judgment represents an award of $500 per the 11,418 Faxes successfully sent by Defendants (the total number of successfully transmitted Faxes was 11,422, but four class members opted out). (*See* Memorandum Opinion and Order, Doc. 331, at 2, 5). In the same ruling, the Court also ordered Plaintiff "to file a petition for attorney's fees and expenses and any request for an incentive award" by December 19, 2018. (*Id.* at 5). As discussed below, and in accordance with the Seventh Circuit's decisions in *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013) ("*Turza I*"), *Holtzman v. Turza*, 828 F.3d 606 (7th Cir. 2016)

("*Turza II*"), and *Holtzman v. Turza*, 701 F. App'x 506 (7th Cir. 2017) ("*Turza III*") (collectively "*Turza Trilogy*"), Plaintiff respectfully requests that it be awarded attorneys' fees in the amount of 1/3 of each check award sent to Class Members on a pro rata basis after subtracting from the judgment amount an incentive award for Plaintiff Physicians Healthsource, Inc. ("PHI") in the amount of $7,500.00, expenses for Class-Settlement.com's services, including class notification, claims processing, and distribution services, and Plaintiff's expenses reasonably incurred in litigating this matter.

## Discussion

I.  **Plaintiff and the Class request attorneys' fees in the amount of 1/3 of each check sent to Class Members after reduction of $7,500 incentive award for PHI, $196,650 to be paid to Class-Settlement.com for administration of judgment, and Plaintiff's expenses in the amount of $24,570.42 from the judgment amount.**

In its Memorandum Opinion and Order entering judgment in favor of the Plaintiff Class, the Court stated that "it is clear that any distribution of fees to class counsel must be based on funds that are actually distributed," and not the total amount of money deposited into the court registry by Defendants, because the TCPA is not a fee-shifting statute." (Doc. 331, at 4, 5). In *Turza II*, the Seventh Circuit held that "of each $500 in damages for a given fax, counsel are entitled to about $167, and the fax recipient gets the rest. But if a given recipient cannot be located, or spurns the money, counsel are not entitled to be paid for that fax." *Turza II*, 828 F.3d at 608. In *Turza III*, in rejecting defendants' argument that class members must consent to attorneys' fees, the Seventh Circuit stated that the defendant "implicitly disagrees with our decision of 2016 [*Turza II*], which concluded that class counsel are entitled to receive a third of the award to any class member who claims the money." 701 F. App'x at 507. The Seventh Circuit held that "[n]one of the class members can reject the services of class counsel and receive $500 per fax," and that "[t]he only decision a class member must make is to accept or reject $333 per fax." *Id.*

As with the attorneys' fees, approved in the *Turza Trilogy*, Plaintiff respectfully requests that it be awarded as attorneys' fees a third of the award to any Class Member that claims the money, *i.e.*, does not reject the award. The Class attorneys undertook this case on a contingency basis and achieved an excellent result for the Class—judgment in the Plaintiff Class's favor in the amount of $5,709,000, which represents a total of $500 per fax sent (minus the four opt-outs). Class counsel marshaled the evidence necessary to obtain class certification and thereafter, summary judgment. In the process, Class counsel deposed numerous key witnesses—former A-S employee Lauren McElroy (in Beaver Creek, Colorado), Walter Hoff (both individually and as corporate representative for A-S Medication Solutions LLC), Marcello Barth, James Barta, Jack Barta, Yaniv Schiff, and Brian Moffett. Class counsel obtained a forensic copy of the A-S fax server, as well as call detail records for A-S, which were then reviewed by Plaintiff's expert, Robert Biggerstaff. Mr. Biggerstaff analyzed fax transmission logs as well as call detail records in rendering his opinion in the case regarding the 11,422 successful transmission of the Fax at issue.

The litigation was hard fought over a long period of time, as the docket makes clear, *see e.g.,* Pl.'s Opp. Defs.' Motion to Dismiss/Motion to Stay, filed September 5, 2012, Doc. 22, and Order denying same, Doc. 27; Pl.'s Response to Defs.' Cross Motion to Dismiss, filed March 6, 2013, Doc. 35, and Order denying same Motion (and granting Pl. leave to file First Amended Complaint, Doc. 37; Pl.'s Motion to Compel, filed June 5, 2013, Doc. 45, and Order granting same, Doc. 46; Pl.'s Second Motion to Compel, filed August 21, 2013, and Order reflecting agreement on Second Motion to Compel, which required Defendants to permit a forensic copy of its fax server to be made by Plaintiff pursuant to Agreed Protective Order, Doc. 56; Pl.'s Opposition to Defendants' Motion to Compel, filed January 28, 2015, Doc. 102, granted in part and denied in part, Doc. 103; Pl.'s Motion for Class Certification, filed February 29, 2016, Docs. 147, 148; Pl.'s

Reply in Support of Class Certification, filed June 3, 2016, Doc. 175; Pl.'s Response to Defendants' Supplemental Brief in Opposition to Motion for Class Certification, filed July 29, 2016, Doc. 194; Pl.'s Rejoinder in Support of Class Certification, filed July 29, 2016, Doc. 195; Order granting Pl.'s Motion for Class Certification, entered September 27, 2016; Pl.'s Unopposed Motion to Approve Class Notice, filed October 5, 2016, Docs. 203, 204, Order granting same, Doc. 206; Pl.'s First Motion for Summary Judgment with Statement of Material Facts, filed January 4, 2017, Docs. 215, 221; Pl.'s Motion to Strike Untimely Expert Report and Declarations of Untimely Disclosed Witnesses, filed March 27, 2017, Doc. 238; Pl.'s Reply in Support of Motion to Strike, field May 8, 2017, Doc. 254; Pl.'s Second Motion for Summary Judgment with Statement of Material Facts, filed January 8, 2018, Docs. 269, 270, 275; Pl.'s Resp. to Defs.' Statement of Additional Facts and Pl.'s Reply in Support of Motion for Summary Judgment, Docs. 292, 294; Memorandum Opinion and Order granting summary judgment as to liability, Doc. 298; Pl.'s Motion for Entry of Judgment, filed October 26, 2018, Docs. 312, 313; Pl.'s Reply in Support of Motion for Entry of Judgment, filed November 21, 2018, Doc. 327, granted in Memorandum and Order entered November 27, 2017, Docs. 331; and Judgment in a Civil Case, entered November 27, 2018, Doc. 332.

While Plaintiff is fully cognizant that this is a judgment, and not a settlement, that the judgment amount is not a common fund, and that each class member has a discrete injury, *see Holtzman I*, 728 F.3d at 688, Plaintiff points out that courts in this district have repeatedly approved attorneys' fees in settlement agreements in the amount of 1/3 of the settlement fund. *See G.M Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Doc. 146) (fees equal to one-third of the settlement fund); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C 0076 (N.D. Ill. Jan. 14, 2011) (Bucklo J.) (Doc. 100) (fees and expenses equal

4

to thirty-three percent of the settlement fund); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09 C 1399 (N.D. Ill. May 26, 2011) (Coleman, J.) (Doc.140) (fees equal to one-third of settlement fund plus an additional $42,640.44 in expenses); *Holtzman v. CCH*, 07 C 7033 (N.D. Ill. Sept. 30, 2009) (Nordberg, J.) (Doc. 33) (fees equal to one-third of the settlement fund); *CE Design, Ltd. v. Exterior Systems, Inc.*, 07 C 66 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (Doc. 32-2) (fees equal to one-third of the settlement fund); *Eclipse v. U.S. Compliance*, No. 03 CH 922 (Lake County, IL, Dec. 23, 2008).

In sum, Plaintiff respectfully submits that Class counsels' efforts in this case, and the result that has been achieved for the Class, warrant as attorneys' fees a third of the award that any Class Member is paid, as was the case in the *Turza Trilogy*.

## II.     The Incentive Award for Plaintiff is reasonable and appropriate.

Plaintiff also requests that the Court approve a $7,500 incentive award payment to Plaintiff for serving as the class representative (in addition to the award check). Courts regularly award such "incentive payments" to the persons who assume the special litigation burden of class representative and thereby benefit the entire class. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (affirming $25,000 incentive award to class representative because "a named plaintiff is an essential ingredient of any class action, [and] an incentive award is appropriate if it is necessary to induce an individual to participate in the suit"); *In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366, 367 (S.D. Ohio 1990) (approving two incentive awards of $55,000 and three of $35,000 to five representatives); *CE Design, Ltd. v. Exterior Systems, Inc.*, 07 C 66 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (Doc. 32·2) (approving $9,500 incentive award in TCPA settlement); *G.M Sign, Inc. v. Finish Thompson, Inc.*, 07 C 5953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Doc. 146) (approving $9,500 incentive award in TCPA settlement); *Saf-T-*

*Guard International, Inc. v. Seiko Corp. of America*, 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Bucklo, J.) (Doc. 100) (approving $12,000 incentive award to class representative in TCPA settlement); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09 C 1399 (N.D. Ill. May 26, 2011) (Coleman, J.) (Doc. 140) (approving $9,500 incentive award in TCPA settlement).

Class Action suits conserve judicial and litigant resources. Class representatives assume the burdens of litigation that absent class members do not shoulder and do so without promise of a reward and with the risk that the litigation may not succeed. The class representative in this case was no exception. But for Plaintiff's initiative and participation, including at the Court-ordered mediation before Magistrate-Judge Finnegan, the benefits available to all Class members would not have been realized. Plaintiff requests that the Court approve $7,500 for Plaintiff's incentive payment.

### III. The request for case-related expenses is reasonable and appropriate.

Class Counsel also requests reimbursement of reasonable and appropriate case-related expenses in the total amount of $24,570.42: (1) computer forensics and expert witness fees ($19,853.88); (2) fees paid for dissemination of class notice (Doc. 205) in this matter ($1,162.50); (3) non-taxable costs relating to taking depositions in this matter ($2,841.22); and (4) travel expenses to and from Court in this matter ($238.00). See Declaration of Ross M. Good Exhibit A.[1]

### Conclusion

Plaintiff respectfully submits that under the *Turza Trilogy* decisions, as well as Class Counsel's efforts and the result achieved in this case, that Class counsel be awarded fees in the

---

[1] Should the Court request any receipts, invoices or cancelled checks, Class Counsel will provide them under seal.

amount of 1/3 of the award to each Class member for award checks that are not rejected, that PHI be awarded an incentive award in the amount of $7,500.00 (in addition to the check award), and that Plaintiff be provided $24,570.42 as its expenses in this case.

        Respectfully submitted,

        PHYSICIANS HEALTHSOURCE, INC.,
        individually and as the representative of the
        certified Class

By:   /s/ Ross M. Good
       One of the Attorneys for Plaintiff and the Class

Brian J. Wanca
Ryan M. Kelly
Wallace C. Solberg
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Ross M. Good
Ross M. Good