**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., individually and as the representative of the certified Class, ) ) ) ) | |
| Plaintiff, ) ) | Case No.: 12-cv-5105 |
| v. ) ) | Hon. Matthew F. Kennelly |
| A-S MEDICATION SOLUTIONS LLC, WALTER HOFF and JOHN DOES 1-10, ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF ORDER**
**ON DISTRIBUTION OF JUDGMENT FUNDS**

Plaintiff, Physicians Healthsource, Inc., as representative of the certified Class, respectfully submits the following brief regarding distribution of judgment funds recovered from Defendants A-S Medications Solutions LLC and Walter Hoff, jointly and severally.

**INTRODUCTION**

On October 5, 2016, Plaintiff filed its Unopposed Motion for Order Approving Class Notice.[1] (Doc. 205). On October 11, 2016, the Court ordered notice be sent pursuant to Plaintiff's Unopposed Motion. (Doc. 205). Pursuant to the Court's Order, Plaintiff retained Class-Settlement.com to send class notice "to each of the 11,422 fax numbers identified by [P]laintiff's expert witness, Robert Biggerstaff." *Id.*

On August 21, 2018, the Court granted summary judgment in favor of the certified Class and against Defendants. *Physicians Healthsource, Inc. v. A-S Medication Solutions*, *LLC*, 324 F.

---

[1] The Court previously certified the following Class: "All persons or entities who were successfully sent the Fax providing 'A-S Medication Solutions LLC, Quality Service Guaranteed,' and 'Ask about our new PedigreeRx Solution!,' between February 10, 2010, and February 28, 2010." *Physicians Healthsource, Inc. v. A-S Medication Solutions, LLC*, 318 F.R.D. 712, 720, 725 (N.D. Ill. 2016) (Gottschall, J.).

Supp. 3d 973, 983 (N.D. Ill. 2018). The Court held (a) the Fax was an "unsolicited advertisement" under the Telephone Consumer Protection Act of 1991 ("TCPA"); (b) Defendants "sent" the Fax using a computer; and (c) the Fax was "successfully delivered to 11,422 [fax] numbers." *Id.* at 976-79. The only remaining issue was whether Plaintiff would seek treble damages for "willful or knowing" violations, or seek the automatic $500 per violation imposed by 47 U.S.C. § 227(b)(3).

On October 26, 2018, Plaintiff filed its Motion for Entry of Judgment. (Doc. 313). In it, Plaintiff indicated that it was not seeking to treble damages, but rather seeks $500 in damages for each violation of the TCPA. (*Id.*). On November 27, 2018, the Court granted Plaintiff's Motion and entered judgment in Plaintiff's favor and against Defendants in the amount of $5,709,000. (Doc. 331). The Court further ordered Plaintiff "to file a proposed plan of distribution of any amounts deposited pursuant to the judgment." (*Id.*).

## **DISCUSSION**

Every class member has a final judgment against Defendants. *Id.* Plaintiff proposes distribution of the entire judgment to the class by certified check, less deductions for attorneys' fees of 1/3 of each certified check not rejected, $24,570.42 as reimbursement for out of pocket expenses to date, and $196,650 to pay Class-Settlement.com as Administrator. Attached hereto as Exhibit 1 is a quote from Class-Settlement.com for administration. This will result in certified checks being sent to the 11,418 remaining class members, assuming they do not reject the checks pursuant to the instructions contained in the Notice of Judgment.[2] Given the amount of the certified

---

[2] 4 of the 11,422 class members opted out leaving 11,418.

checks, Plaintiff expects that most class members will not reject the certified checks and any remainder will be too small to perform a second distribution.[3]

Plaintiff requests the following procedure:

1.	Class-Settlement.com sends notice to the class titled "NOTICE OF JUDGMENT AND ATTACHED CONTACT INFORMATION FORM," which advises class members of the entry of judgment, the distribution approved by this Court, the amount of the certified check they will receive, and the associated mailing information and 60 days to update the mailing information for the certified checks if necessary. *See* Notice of Judgment and Attached Contact Information Form attached hereto as Exhibit 2.

2.	Class members will also have the option to reject the money.[4] *See* Declaration of Dorothy Sue Merryman "Merryman Declaration" ¶ 14 attached hereto as Exhibit 4.

3.	Class-Settlement.com will send certified checks to all class members except those that have chosen to reject the money. *Id.* ¶ 17.

4.	Class-Settlement.com will provide a report indicating which class members, if any, (1) rejected their share or (2) could not be located. *Id.* ¶ 15.

Plaintiff proposes that any funds that have not been rejected be given as escheat to the state if a class member cannot be located, or in the alternative, allow Plaintiff to propose *cy pres* charity recipient(s). "A district judge might conclude that the inability to track down the current address of a victim who has moved should not automatically benefit the wrongdoer. But . . . a judge is

---

[3] Plaintiff proposes certified checks to conform to the Amended Order for Distribution of Judgment Funds in *Holtzman v. Turza*, No. 08-cv-2014, Doc. 435, Nov. 28, 2017, attached hetero as Exhibit 3.

[4] The Seventh Circuit has said that class members must have the opportunity to "spurn[] the money." *Holtzman v. Turza*, 828 F.3d 606, 608 (7th Cir. 2016).

never legally obliged to divert money from the litigants to a charity." *Holtzman v. Turza,* 828 F.3d 606, 609 (7th Cir. 2016). Given the deterrent purpose underlying the TCPA, reversion to Defendants is inappropriate.[5] This is especially so here where reversion will incentivize Defendants to litigate further to delay distribution to the class members in the hope that over time they will go out of business, die, or can no longer be found. *See In re Folding Carton Antitrust Litig.*, 744 F.2d 1252, 1255 (7th Cir. 1984) (ordering escheat); *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 785 (7th Cir. 2004) ("[T]he reversion of unclaimed funds to the putative wrongdoer" is a "questionable feature" of a certified class settlement agreement); *Hughes v. Kore of Indiana Enter., Inc.*, 731 F.3d 672, 676 (7th Cir. 2013) (recognizing propriety of *cy pres* to preserve deterrent purpose of statutory claim where distribution to the class was unfeasible).

Escheat to the State for the class member means only that the State will be custodian for the property of the class member. "The Uniform Disposition of Unclaimed Property Act, in force in about a third of the states, requires anyone in possession of intangible property that is unclaimed by its owner for seven years (five under the Illinois version of the Act) to transfer the property to the custody of the State. A subsequent uniform law, the Uniform Unclaimed Property Act of 1981, is in force in most of the rest of the states; so far as relates to this case, the provisions of the two uniform laws are the same. These are not escheat statutes. The state does not acquire title to the property. It is merely a custodian. The owner can reclaim his property at any time." *Commonwealth Edison Co. v. Vega*, 174 F.3d 870,

---

[5] In *Turza* that defendant's insurance company funded the judgment. In this case, the Defendants are funding the judgment.

4

872 (7th Cir. 1999). Plaintiff's proposal for distribution, like the proposal in *Commonwealth Edison Co.,* requests this Court order all unclaimed funds be escheat to the respective states.[6]

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court approve Plaintiff's Proposed Order for Distribution of Judgment Funds.

        Respectfully submitted,

        PHYSICIANS HEALTHSOURCE, INC.,
individually and as the representative of the certified Class

By: /s/ Ross M. Good
Counsel for Plaintiff and the Class
Brian J. Wanca
Ryan M. Kelly
Wallace C. Solberg
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500

---

[6] The Court could also defer ruling on how to handle unclaimed funds until the report is provided by the Administrator.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Ross M. Good
Ross M. Good