IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) Case No. 12 C 5105 |
| A-S MEDICATION SOLUTIONS, LLC and WALTER HOFF, | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OPINION AND ORDER
### REGARDING DISTRIBUTION OF JUDGMENT

MATTHEW F. KENNELLY, District Judge:

The Court entered summary judgment against the defendants in an amount slightly over $5.7 million. The Court thereafter denied the defendants' motion to alter or amend the judgment. Then the Court directed sending notice to class members regarding the plaintiff's requests for attorneys' fees and nontaxable expenses (which would be coming out of the judgment) and for an incentive award for the named plaintiff. The judgment entitled each class member to $500, less a pro rata share of fees and expenses.

The defendants appealed. In late February of this year, the Seventh Circuit affirmed the judgment in its entirety. *Physicians Healthsource, Inc. v. A-S Medication Solutions, LLC*, 950 F.3d 959 (7th Cir. 2020). The court of appeals' decision included approval of the plaintiff's plan for distribution of the judgment.

The Court then directed the parties to file a status report regarding how to carry

out distribution of the judgment. The plaintiff proposed a deadline for distributing notice of the judgment, a deadline for class members to update their addresses or turn down payment, a deadline for the judgment administrator to mail out check, a deadline for the administrator to report on the feasibility of a second distribution (to the extent there were unclaimed funds), and deadlines for completing a second distribution. The plaintiff proposed a second distribution "rather than returning unclaimed funds to defendants," or a *cy pres* award if the Court was unwilling to approve a second distribution.

The defendants objected to a second distribution. In the status report, they submitted a lengthy argument on why a second distribution would be inappropriate. Their first point was that this would result in class member obtaining more than the $500 statutory maximum award under the TCPA. (Plaintiff disputes this, saying that "a pro rata distribution to those Class Members who deposited the Certified Bank Checks would not exceed $500 even with the accrued judgment interest on said amount." Joint Status Report (dkt. no. 439) at 3.) As for the alternative *cy pres* proposal, the defendants stated that the Court was not required to distribute remaining funds that way, and they argued that doing so would be "punitive" and thus inappropriate, and also unconstitutional. The defendants also contended that no funds should be distributed to anyone unless they returned a claim form, citing a December 2019 FCC ruling and also claiming that to do so would violate the defendants' due process rights.

Because the defendants included legal argument in the status report, the Court gave the plaintiff the opportunity to file a response of equal length.

The Court rules as follows.

    1.    The defendants' contention that funds should not be distributed to any

class member who does not return a claim form amounts to a request to amend the judgment. The request is misplaced, because the defendants have not filed a motion under Federal Rule of Civil Procedure 60(b). And even if they had filed such a motion, it would lack merit, because the point they cite—a not-yet-final order by the FCC that they contend changes the law—does not amount to a proper basis for relief under Rule 60(b). The Court also notes that the defendants' request for a claim form as a prerequisite for distribution of funds was already considered and rejected both by this Court and on appeal.

   2. The Court does not see a proper basis to return any unclaimed funds to the defendants. The case was not resolved by way of a settlement; it was decided by way of a judgment imposed after extensive litigation. The fact that it might be difficult or impossible to locate some class members—which largely would result from the fact that the litigation has been dragged out so long—is not a basis to allow the defendants out from under the judgment, which would "benefit the wrongdoer." *See generally Holtzman v. Turza*, 828 F.3d 606, 609 (7th Cir. 2016). This is not in the least bit punitive. In any event, statutory damages awards like the one made here have an important deterrent purpose that is appropriately preserved, *see Hughes v. Kore of Ind. Enter., Inc.*, 731 F.3d 672, 676-77 (7th Cir. 2013), despite the possibility that—again, due largely to delay—some of the victims of the defendants' illegal conduct can no longer be located.

   3. The Court is not entirely convinced, however, that a second distribution to class members would not result in the recipients getting more than the statutory maximum, including interest. So the Court takes that option off the table. The other

alternatives are a *cy pres* award—approved by the Seventh Circuit in *Hughes*—or escheat to the government. In the present circumstances, the Court approves the latter course. Any unclaimed class member's share of the $500-per-person recovery will be distributed to the unclaimed property program of the state in which the class member resided, based on the defendants' records.

The Court adopts the following schedule for distribution:

- Notice of the judgment is distributed within 14 days after entry of the present distribution order. (This assumes that class members' last known addresses have been provided to the judgment administrator. If not, one party or the other should immediately file an appropriate motion regarding this deadline.)

- Class members are given 35 days after the deadline for distribution of notice of the judgment to update their addresses or turn down payment. This deadline should be given a specific date to be included in the notice of the judgment.

- The judgment administrator is given 30 days after the deadline for updating addresses or turning down payment to mail certified bank checks to class members.

- The plaintiff and the judgment administrator are given 42 days after the deadline for mailing of checks to file a report regarding unclaimed funds, including returned checks.

Date: June 8, 2020

_____
MATTHEW F. KENNELLY
United States District Judge

4