IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12 C 5105 |
| ) | |
| A-S MEDICATION SOLUTIONS ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING DEFENDANTS' MOTION TO STAY

The $5.7 million judgment in this class action was affirmed on appeal, *see Physicians Healthsource, Inc. v. A-S Medication Solutions LLC*, 950 F.3d 959 (7th Cir. 2020), and the case then came back before this Court to distribute the judgment amount. Defendants argued that no one should get a distribution without first completing a claim form; that there should be no second distribution to class members of unclaimed funds; and that defendants should get back any unclaimed funds rather than having them distributed to a *cy pres* designee.

The defendants' first argument was concluded by the judgment and the appeal. The Court had previously overruled a similar argument, and the court of appeals did not disturb this on appeal. Thus the first argument was not even properly before the Court (and was not sufficiently supported in any event). The Court therefore rejected it.

The Court agreed with the defendants' first argument. It concluded that a second distribution might result in class members getting more than the statutory maximum recovery of $500 and concluded this would be inappropriate.

On the third argument, the Court declined to order a *cy pres* distribution of unclaimed funds but overruled defendants' request that they should get back any part of the judgment amount. (In contrast to most other situations in which a reversion sometimes may be appropriate, this case was resolved by a judgment against the defendants, not by a settlement.) Instead, the Court determined that any unclaimed funds would escheat to the government.

The Court adopted the following schedule: distribution of notice of the judgment within 14 days; 35 days after that for class members to update their addresses or turn down payment; 30 days after that for the judgment administrator to distribute checks; and 42 days after that for plaintiff and the judgment administrator to file a report regarding unclaimed funds. Under this schedule, there would be no occasion for even considering the mechanism of escheat for a period of about four months.

Defendants have now appealed, and they have requested a stay. As plaintiffs point out, the Court's order was not a judgment—that happened a few years ago—and thus defendants are not entitled to any sort of an automatic stay under Rule 62(b) or otherwise.

On the merits of defendants' request, the Court notes that this case is already over eight years old, and the defendants' illegal facsimile transmissions program predates that. People change or terminate phone numbers, and for fax numbers this is even more likely given the creeping obsolescence of facsimile transmission. Thus every month that passes likely adds to the amount of funds that will remain unclaimed and thus to the number of victims of defendants' unlawful program who will go uncompensated. A reasonable person looking at the history of the case—particularly

the more recent part of its history—could conclude that this, hand-in-glove with defendants' insistence on a reversion, is a hoped-for result of further delays and thus of a stay. The longer defendants can drag this out, the more funds are likely to be available for their hoped-for reversion.

Even without this, there is no appropriate basis to delay the distribution of the judgment to the class members. The only objection asserted by defendants after the appeal—that there should be a claim form—is not properly before this Court, or any court. The Court rejected defendants' argument for a claim form before defendants appealed. *Physicians Healthsource, Inc. v. A-S Med. Sols., LLC*, No. 12 C 5102, 2018 WL 6179094, at *2 (N.D. Ill. Nov. 27, 2018). In affirming the judgment, the court of appeals did not disturb this ruling. Thus defendants' renewed insistence on a claim form amounts to a request to amend or vacate the judgment, which defendants never properly sought (and still have not). This point is no basis for a stay. The claimants who can be found should get the compensation that they were adjudged to be entitled to, and they should get it now.

As for the rest of it, the only other issue currently in dispute between the parties is what happens to unclaimed funds. No stay is needed for that, at least not at this time. By definition, there will be no unclaimed funds until the judgment is distributed and the administrator determines how much is left after a reasonable time for negotiating the checks. If defendants' problem concerns escheat of the unclaimed funds, there will be plenty of time four months from now to ask the Court for a stay of that aspect of the distribution.

For these reasons, the Court denies defendants' motion for a stay pending

appeal [448].

Date: August 2, 2020

_____
MATTHEW F. KENNELLY
United States District Judge